# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION


SUSAN R. THURINGER,

        Plaintiff,

vs.

THE AMERICAN NATIONAL RED
CROSS,

        Defendant.

No. 04-CV-2078

**ORDER ON DEFENDANT'S
MOTIONS IN LIMINE**

_____

## *I. INTRODUCTION*

Before the court are Defendant's Motions in Limine (docket no. 45). Defendant seeks exclusion of the following evidence at trial: (1) Darnell Roth's testimony; (2) Plaintiff's April 21, 2004 foot injury and subsequent damages; (3) Dr. Marilyn Hines's testimony; and (4) various allegedly irrelevant exhibits.

## *II. ANALYSIS*

### *A. Darnell Roth's Testimony*

First, Defendant contends the court should exclude Darnell Roth's testimony. Defendant maintains Roth is not qualified to present expert testimony on the standard of care for a blood donation. Defendant's argument is identical to the argument Defendant presented in its Motion for Summary Judgment. The court shall deny Defendant's first motion in limine for the reasons expressed in the court's Order on Defendant's Motion for Summary Judgment.

### *B. Plaintiff's April 21, 2004 Foot Injury*

Second, Defendant maintains the court should exclude all claims for damages which

stem from Plaintiff's April 21, 2004 foot injury.  On April 21, 2004, Plaintiff stubbed her left pinky toe on a coffee table, fracturing it.  Plaintiff alleges Defendant is responsible for certain nerve damage she subsequently suffered in her left foot.  One of Plaintiff's witnesses, Dr. Basem Hamid, believes "the development of [Complex Regional Pain Syndrom (CRPS)] in [Thuringer's] right arm was a substantial contributing factor in the development of the CRPS in her left foot following the pinky toe fracture."

Defendant maintains it did not receive notice of the pinky toe fracture until October 12, 2005.  Defendant points out that the pinky toe fracture is not mentioned in Plaintiff's complaint or Plaintiff's February 25, 2005 answers to Defendant's interrogatories.  Defendant also complains that Plaintiff did not list Dr. Hamid in one of its witness lists.[1]  Plaintiff moves to exclude all testimony related to the foot injury pursuant to Federal Rule of Civil Procedure 37.

The court declines to exclude all testimony related to Plaintiff's alleged April 21, 2004 foot injury.  Plaintiff's complaint was sufficient to put Defendant on notice of Plaintiff's injuries, even though it did not specifically mention the foot injury.  The Federal Rules of Civil Procedure contemplate a liberal notice pleading standard.  *Leatherman v. Tarrant County Narcs. & Intel. Unit*, 507 U.S. 163, 168 (1993).  The Rules do not require a party to set out in detail all the facts upon which it bases its claims.  *Id*.  Instead, the Rules only require "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Such a short and plain statement must provide fair notice of the claim and the grounds upon which the claim rests.  *Leatherman*, 507 U.S. at 168 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Wishnatsky v. Rovner*, 433 F.3d 608, 611 (8th Cir. 2006) (holding that plaintiff's complaint met the requirements

---

[1] The list is unsigned, and its date is unknown.

of Rule 8(a) because it gave the defendants "fair notice of the nature and basis of [the plaintiff's] claim"). The Rules are designed "to give notice to the other party and not to formulate issues or fully summarize the facts involved." *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, 389-90 (8th Cir. 1968) (citing *Conley*, 355 U.S. at 45-48).

In this case, evidence of the foot injury arose in the course of discovery. Discovery did not close in this matter until September 19, 2005. Defendant was thus on notice of the foot injury approximately three weeks after the close of discovery and over four months before trial. This is not a case where the plaintiff attempts to radically alter his case at the last moment.

As for the failure to disclose Dr. Hamid's testimony, Defendant does not indicate a deadline Plaintiff failed to meet. Even if Plaintiff did not disclose Dr. Hamid in a timely fashion, the court would decline to exclude his testimony as a sanction. On September 2, 2005, Plaintiff put Defendant on notice that she intended to call Dr. Hamid as a witness. That was more than five months before trial. Indeed, Defendant deposed Dr. Hamid two months before trial. Any failure to comply with the rules is harmless in this case.

In the alternative, Defendant claims that "[a]ny evidence of damages related to the foot injury [is] irrelevant surplusage and would be confusing to the jury." Defendant asks the court to exclude such evidence pursuant to Federal Rules of Evidence 402 and 403.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Civ. P. 401. Damages are an element of Plaintiff's negligence claim. *Van Essen v. McCormick Enters. Co.*, 599 N.W.2d 716, 718 (Iowa 1999). Plaintiff is thus entitled to present evidence, including Dr. Hamid's testimony, that tends to show that Defendant's negligence caused the nerve damage in her

foot. Such evidence is admissible because it is relevant. Fed. R. Civ. P. 402.

The court finds Defendant's conclusory claim that evidence of Plaintiff's foot injury is "confusing" lacks merit. Defendant has not shown how the evidence is confusing. In any event, the probative value of such evidence is high and Defendant has not shown that any confusion substantially outweighs the evidence's probative value. Fed. R. Civ. P. 403.

For the foregoing reasons, the court shall deny Defendant's second motion in limine in its entirety.

### C. Dr. Marilyn Hines's Testimony

Third, Defendant seeks to exclude Plaintiff from presenting Dr. Marilyn Hines's testimony. At the hearing on Defendant's Motion for Summary Judgment, Plaintiff indicated that she will not call Dr. Hines to testify at trial. Accordingly, the court shall deny Defendant's third motion in limine as moot.

### D. Allegedly Irrelevant Exhibits

Fourth, Defendant seeks to exclude a number of allegedly irrelevant exhibits. The exhibits are: (1) photographs of Susan Thuringer and family; (2) Renee Cheeseman's personnel file; (3) federal regulations regarding blood donations; and (4) the University of Iowa DeGowin Blood Center ("DeGowin") standards.

### 1. Photographs

Defendant seeks to exclude the photographs of Susan Thuringer and her family on the grounds that they are irrelevant. Defendant argues the photographs are relevant to show, in "before-and-after" fashion, the adverse impact Defendant's negligence has had on her ability to participate in physical activities. Defendant also claims the jury "should be able to see in photographs the persons who comprise the Thuringer family and the persons with whom relationships have been damaged."

4

The court reserves ruling on the admissibility of the photographs. The court has not seen the photographs. Without knowing the precise nature or number of the photographs, the court cannot determine their relevance or whether some of the photographs are cumulative. Plaintiff is urged, however, to review the photographs for relevance and pare them down before attempting to introduce them at trial. Irrelevant and/or cumulative photographs will not be admissible at trial. *See* Fed. R. Civ. P. 402 ("Evidence which is not relevant is not admissible."); Fed. R. Civ. P. 403 (permitting trial judge to exclude relevant evidence if its probative value is substantially outweighed by the danger of needless presentation of cumulative evidence.).

### *2. Cheeseman's Personnel File*

Defendant seeks to exclude Renee Cheeseman's personnel file. Defendant points out that the file contains personal information.

The court reserves ruling on the admissibility of the personnel file. At this time, the issue regarding Cheeseman's personnel file is insufficiently developed for the court to rule on Defendant's motion; indeed, Defendant admits in its own motion that "Plaintiff has not identified which specific pages she will seek to introduce into evidence, thus there is no meaningful way to assess the extent of the privacy violation."

### *3. Federal Regulations*

Plaintiff proposes to introduce 21 C.F.R. 640.4 (2005) as an exhibit at trial. This federal regulation, which is entitled "Collection of Blood," was issued by the Food and Drug Administration ("FDA") and governs the activities of organizations such as Defendant in the blood-collection process. Plaintiff states that she will ask the court to take judicial notice of the regulation pursuant to Federal Rule of Civil Procedure 201. Defendant argues that the regulation is not admissible evidence.

It is well settled that a district court may take judicial notice of federal regulations.

44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number."); 44 U.S.C. § 1510 (authorizing Code of Federal Regulations as a special or supplemental edition of the Federal Register); *see, e.g.*, *Crimm v. Mo. Pac. R.R. Co.*, 750 F.2d 703, 709-10 (8th Cir. 1984) ("The district court may take judicial notice of the Federal Register and the Code of Federal Regulations."); *Kempe v. United States*, 151 F.2d 680, 684 (8th Cir. 1945) (same). Indeed, the plain language of 44 U.S.C. § 1507 states that judicial notice of the regulation is *mandatory*. *See* 44 U.S.C. § 1507 (stating that court "shall" take notice of the regulations). *But see United States v. Wolny*, 133 F.3d 758, 765 (10th Cir. 1998) (affirming district court's refusal to take judicial notice of a federal regulation because "[w]e cannot imagine that, in enacting § 1507, Congress intended to override Rule 402, and make judicial notice mandatory, when a matter that appeared in the Federal Register is irrelevant to the proceeding at hand."). Even if the court is not required to take notice of the regulation, the court finds the regulation may be relevant to show the applicable standard of care. *See, e.g., Porter v. Iowa Power & Light Co.*, 217 N.W.2d 221, 237 (Iowa 1974) (concluding that violation of state employment safety commission regulations was evidence of negligence). Accordingly, the court shall deny Defendant's request to exclude the regulation in limine.

### *4. DeGowin Standards*

Plaintiff seeks to introduce at trial portions of DeGowin's procedure manual. Defendant requests a ruling in limine excluding the standards pursuant to Federal Rule of Evidence 403. Defendant points out that DeGowin is not on trial and introduction of its standards is irrelevant, a waste of time and will be confusing to the jury.

The court declines to rule in limine that the DeGowin standards should be excluded. The standards are relevant and, moreover, the probative value of the evidence is not

substantially outweighed by waste of time or confusion. DeGowin, like Defendant, collects blood. DeGowin developed standards to satisfy the FDA requirements. Plaintiff intends to introduce the standards as evidence of reasonable safety standards in the industry. *See, e.g., Gipson v. State*, 419 N.W.2d 369, 372 (Iowa 1988) (affirming district court's ruling that evidence defendant did not comply with a manual of uniform traffic control devices was evidence of negligence); *Porter*, 217 N.W.2d at 237 (concluding that violation of state employment safety commission regulations was evidence of negligence). Thus, the evidence is relevant to show one of the elements of Plaintiff's claim, i.e., "the existence of a duty to conform to a standard of conduct to protect others." *Van Essen*, 599 N.W.2d at 718. A ruling in limine is also inappropriate at this time because the standards may become relevant for impeachment purposes. Plaintiff wishes to use the standards to cross-examine one of Defendant's experts, Martha Wieland, who works at DeGowin and who may opine that a hematoma does not always require the discontinuation of the blood donation.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES IN PART** and **RESERVES RULING ON IN PART** Defendant's Motions in Limine (docket no. 45).


**IT IS SO ORDERED.**

**DATED** this 17th day of February, 2006.

_____

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA